■  In the Matter of JAMES MAGEE, Petitioner, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Health and Hospitals Corporation, made after a hearing, which, *inter alia,* sustained charges of theft against petitioner and dismissed him from his position as a "senior store keeper". Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. On this record, the determination is supported by substantial evidence (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.

■  In the Matter of MARRIOTT CORPORATION, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Appellant.—In a proceeding pursuant to CPLR article 78 to review respondent-appellant's determination, made on March 18, 1976, which, after a hearing, denied petitioner-respondent's application for a conditional use permit for the erection of a freestanding sign, the appeal is from a judgment of the Supreme Court, Suffolk County, entered September 21, 1976, which annulled the determination and directed appellant to grant the application. Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits. The determination of the Zoning Board of Appeals of the Town of Huntington, denying petitioner's application for a permit to erect a freestanding sign, was based upon a finding that such a sign is not necessary to identify the enterprise (see Code of the Town of Huntington, § 62-14.12 [6] [a]). Neither the record nor the appellant's determination support the conclusion that the determination was premised on a finding of whether the sign was required to make the business more or less successful. The record indicates that although a freestanding sign would better identify the subject enterprise, such sign is not necessary because the premises are identifiable from the main thoroughfare. Installation of a larger, better illuminated facial sign would enhance ready identification of the enterprise. Since the determination of the zoning board of appeals was not unreasonable, it must be confirmed. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.